UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JUAN M. RIVERA-ORTIZ,

    Plaintiff,

v.

COMMONWEALTH OF PUERTO RICO,
et al.,

    Defendants.

Civil No. 09-2073 (JAF)

**OPINION AND ORDER**

Plaintiff, Juan M. Rivera-Ortiz, brings this case against Defendants, the Commonwealth of Puerto Rico ("Commonwealth"), the Junta de Libertad Bajo Palabra ("Parole Board"), Gloria E. Ortiz-Martínez, Edwin Zayas-Figueroa, and María E. Meléndez-Rivera, under 42 U.S.C. § 1983, alleging delay in Plaintiff's parole proceedings. (Docket Nos. 2; 19.) The Commonwealth and the Parole Board ("Movants") move to dismiss per Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) (Docket No. 16); Plaintiff opposes (Docket Nos. 20; 21; 22).

**I.**

**Factual and Procedural Synopsis**

We draw the following facts from Plaintiff's complaint (Docket Nos. 2, 19). For the purpose of addressing a motion to dismiss, we take his factual allegations as true and make all reasonable inferences in his favor. See Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Plaintiff is an inmate in the penal custody of the Commonwealth confined at the Ponce Correctional Complex. On January 30, 2009, Plaintiff appeared before the Parole Board for consideration of his early release. As of the date he filed this action, he had not received word from the Parole Board. Plaintiff has not filed an official complaint through the existing grievance procedures at prison because of a shortage of legal staff, but has communicated the substance of his complaint to the warden.

On October 16, 2009, Plaintiff filed the instant case in federal district court, claiming violation of his right to release following a hearing before the Parole Board and demanding damages pursuant to a judgment previously rendered by this court in favor of Efraín Montero-Torres and other prison inmates in Civil Case No. 75-0828. (Docket Nos. 2; 19.) Plaintiff sues Ortíz-Martínez, Zayas-Figueroa, and Meléndez-Rivera in both their official and individual capacities. (Id.) Movants moved to dismiss on January 19, 2010 (Docket No. 16), and Plaintiff opposed on March 4 (Docket No. 21).

## II.

## Standard for Dismissal

**A.    Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a movant may challenge the court's subject-matter jurisdiction by raising a "sufficiency challenge." Valentín v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). Under this approach, the court takes the plaintiff's "jurisdictionally-significant facts as true" and "assess[es] whether the plaintiff has propounded

an adequate basis for subject-matter jurisdiction." Id.  The party asserting jurisdiction bears the burden of showing its existence.  See Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003).

A federal district court has an independent obligation to review its subject-matter jurisdiction over all cases "even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); see Fed. R. Civ. P. 12(h)(3).  We may order sua-sponte dismissal if it is evident that we lack the power to decide a case.  See Arbaugh, 546 U.S. at 514.

**B.     Rule 12(b)(6)**

A defendant may also move to dismiss an action against him, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In assessing this motion, we "accept[] all well-pleaded facts as true, and we draw all reasonable inferences in favor of the [plaintiff]." Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).  However, mere legal conclusions "are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009).

The complaint must demonstrate "a plausible entitlement to relief" by alleging facts that directly or inferentially support each material element of some legal claim.  Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).  "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 559) (internal quotation marks omitted).

Civil No. 09-2073 (JAF)                                                                                                                              -4-

Sua-sponte dismissal under Rule 12(b)(6) may be appropriate in limited circumstances. Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002). Before ordering dismissal, a federal court usually affords the target an opportunity to address the challenge. Id. No prior notice is necessary, however, "[i]f it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile." Id. (quoting González-González v. United States, 257 F.3d 31, 37 (1st Cir. 2001)).

### III.

### Analysis

Because Plaintiff is pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Erickson, 551 U.S. at 94. However, Plaintiff's pro-se status does not insulate him from the strictures of procedural and substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). We discuss in turn Movants' arguments for dismissal and additional grounds that we find favoring dismissal of the case against the remaining Defendants.

**A.     Eleventh Amendment**

Movants contend that they are entitled to sovereign immunity under the Eleventh Amendment. (Docket No. 16.) Under the Eleventh Amendment, "an unconsenting State is immune from federal-court suits brought by its own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974). A public institution may also benefit from sovereign immunity if it "is to be treated as an arm [or alter ego] of the State partaking of

Civil No. 09-2073 (JAF)                                                                                          -5-

the State's Eleventh Amendment immunity." Ainsworth Aristocrat Int'l Pty., Ltd. v. Tourism Co., 818 F.2d 1034, 1036 (1st Cir. 1987) (quoting Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)). The applicability of sovereign immunity is a jurisdictional question. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

"Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects." Ramirez v. P.R. Fire Serv., 715 F.2d 694, 697 (1st Cir. 1983). However, the Commonwealth can waive its sovereign immunity by clearly declaring its intent to submit itself to federal judicial power; participating in a federal program that is expressly conditioned upon a waiver of immunity, or affirmatively engaging in litigation. Díaz-Fonseca v. Puerto Rico, 451 F.3d 13, 33 (1st Cir. 2006). Furthermore, even without a state's consent, federal courts may grant prospective injunctive relief to prevent a continuing violation of federal law. Ex Parte Young, 209 U.S. 123 (1908). A plaintiff may avoid the Eleventh Amendment bar by suing responsible persons acting in their official state capacities. Id. at 154.

Although the Commonwealth has waived its immunity for certain actions in tort, this waiver extends only to suits brought in the Commonwealth's own forums. 32 L.P.R.A. § 3077 (2004). The statute does not make the Commonwealth amenable to lawsuits in federal district court. Díaz-Fonseca, 451 F.3d at 33. Furthermore, the Commonwealth has not consented to litigation in this case, and the complaint does not implicate any federal programs that incorporate waiver of state sovereign immunity (see Docket Nos. 2; 19). As for the Parole

Civil No. 09-2073 (JAF) -6-

Board, we have held that it is an arm of the Commonwealth for the purposes of the Eleventh Amendment. <u>Maya-Gambino v. Puerto Rico</u>, No. 09-1117, 2010 U.S. Dist. LEXIS 28484, at *5-10 (D.P.R. Mar. 25, 2010). Accordingly, we lack the competence to hear Plaintiff's case against Movants. As we find that Movants are entitled to sovereign immunity, we need not consider their other arguments for dismissal.[1]

We next consider the application of sovereign immunity to the individual Defendants in this case. Defendants Ortiz-Martínez, Zayas-Figueroa, and Meléndez-Rivera have not moved to dismiss the claims against them. (<u>See</u> Docket No. 16.) Given the case law on point, however, it is abundantly clear that they may not be held liable in damages in their official capacities. <u>See</u> <u>Ex Parte Young</u>, 209 U.S. at 154. We, therefore, dismiss, sua sponte, Plaintiff's claims for damages against the individual Defendants in their official capacities.

**B.    Failure to State a Claim**

We observe that Plaintiff's claims in equity and at law suffer from additional defects (Docket Nos. 2; 19). First, Plaintiff seeks an order from this court to enjoin Defendants to release him from prison. (<u>Id.</u>) "[A] § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' . . . and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 79 (2005)

---

[1] We note that the Commonwealth has, once again, erroneously argued that we should dismiss the case on jurisdictional grounds for Plaintiff's failure to exhaust his administrative remedies. (<u>See</u> Docket No. 16.) Although mandatory, exhaustion is an affirmative defense for the defendant to raise and prove, not a jurisdictional bar. <u>Jones v. Bock</u>, 549 U.S. 199, 215-16 (2007).

(quoting Preiser v. Rodríguez, 411 U.S. 475, 482, 489 (1973)). We, therefore, find that Plaintiff has failed to plead a legally-cognizable claim for release based on the Parole Board's delay; we dismiss Plaintiff's equitable claim against Defendants.

Second, Plaintiff demands retrospective damages for the Parole Board's delay in notifying him of its decision concerning his request for early release. (Docket Nos. 2; 19.) Plaintiff premises this cause of action upon a prior decision rendered by this court regarding another prison inmate, Montero-Torres v. Hernández-Colón, Civil No. 75-0828. (Id.) However, claims under § 1983 must be premised upon rights created by federal statute or the U.S. Constitution, not decisional law. See Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 105-06 (1989). We, therefore, dismiss Plaintiff's action against Defendants insofar as his complaint invokes Montero-Torres as the basis for his cause of action.

Notwithstanding the foregoing, Plaintiff has apparently stated a claim for deprivation of due process through Defendants' failure to notify him of the Parole Board's decision. (See Docket Nos. 2; 19.) While Plaintiff may not recover compensation from individual Defendants in their official capacities, see supra, there is no absolute bar against suing Defendants in their individual capacities for retrospective damages under § 1983. Defendants Ortiz-Martínez, Zayas-Figueroa, and Meléndez-Rivera have thus far neither answered the complaint nor interposed defenses by motion. We, therefore, allow Plaintiff to prosecute his claims against these three Defendants for compensation for depriving him of due process (Docket Nos. 2; 19).

Civil No. 09-2073 (JAF) -8-

## IV.

### Conclusion

Accordingly, we hereby **GRANT** Movants' motion to dismiss (Docket No. 16). We **DISMISS** Plaintiff's claims against the Commonwealth and the Parole Board (Docket Nos. 2; 19) and **DISMISS** Plaintiff's claims against Defendants Ortiz-Martínez, Zayas-Figueroa, and Meléndez-Rivera for compensation in their official capacities, release from penal custody, and compensation in their individual capacities on the basis of Montero-Torres v. Hernández-Colón, Civil No. 75-0828 (id.). We **RETAIN** Plaintiff's § 1983 claims under the Due Process Clause to recover damages from Ortiz-Martínez, Zayas-Figueroa, and Meléndez-Rivera in their individual capacities. We **NOTE** Plaintiff's informative motions (Docket Nos. 18; 23; 24).

The parties are ordered to move this case to conclusion expeditiously.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 15th day of April, 2010.

                                               S/José Antonio Fusté
                                               JOSE ANTONIO FUSTE
                                               Chief U.S. District Judge