UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JUAN M. RIVERA-ORTIZ,

    Plaintiff,

v.

COMMONWEALTH OF PUERTO RICO, et al.,

    Defendants.

Civil No. 09-2073 (JAF)

**OPINION AND ORDER**

Plaintiff, Juan M. Rivera-Ortiz, brings this action under 42 U.S.C. § 1983 against Defendants, Gloria E. Ortiz-Martínez, María Meléndez-Rivera, and Edwin Zayas-Figueroa ("Movants"), alleging violations of his constitutional rights arising from an alleged delay in the resolution of his parole hearing. (Docket No. 19.) Movants request summary judgment, asserting quasi-judicial immunity and Plaintiff's failure to state a claim upon which relief can be granted. (Docket No. 40.) Plaintiff opposes. (Docket No. 50.)

**I.**

**Factual and Procedural Summary**

On October 9, 2009, while still an inmate at Puerto Rico's Ponce Correctional Institute, Plaintiff filed the case before us. (Docket No. 19.) Plaintiff alleged that the Junta de Libertad Bajo Palabra ("Parole Board") held his parole hearing on January 30, 2009, but subsequently failed to issue a disposition. (Id.) Plaintiff named as defendants the Commonwealth of Puerto

Civil No. 09-2073 (JAF) -2-

Rico, the Parole Board, and the individual members of the Parole Board. He sought both an order releasing him from custody and $75,000 in damages. (Id.)

On April 15, 2010, we issued an opinion and order dismissing, on grounds of sovereign immunity, all claims against the Commonwealth of Puerto Rico, the Parole Board, and the individual Parole Board members in their official capacities. (Docket No. 25.) Movants now seek summary judgment on the remaining claims against them in their personal capacities. (Docket No. 40.)

## II.

### Rule 56 Summary Judgment

We grant a motion for summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). In evaluating a motion for summary judgment, we view the record in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

The movant carries the burden of establishing that there is no genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmovant must 'produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy

Civil No. 09-2073 (JAF)                                                                                              -3-

issue.'" Clifford v. Barnhart, 449 F.3d 276, 280 (1st Cir. 2006) (quoting Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999)).  The nonmovant "may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

### III.

### Analysis

Because Plaintiff appears pro se, we construe his filings more favorably than we would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Nevertheless, Plaintiff's pro se status does not excuse him from complying with procedural and substantive law.  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Plaintiff seeks $75,000 in damages for the alleged violations of his rights.  Movants assert that they are immune from damages claims brought against them in their personal capacities, citing Johnson v. Rhode Island Parole Board Members, 815 F.2d 5 (1st Cir. 1987).  In Johnson, the First Circuit held that, because of their quasi-judicial role, members of the Rhode Island Parole Board were entitled to absolute immunity from suit for all actions taken within the scope of their official duties.  See id. at 6–8.  The First Circuit joined the Ninth Circuit in qualifying that absolute immunity would be granted only for actions within the scope of a parole board member's official duties, "i.e., in processing parole applications and deciding whether to grant, deny, or revoke parole."  Id. at 6.

Civil No. 09-2073 (JAF)                                                                                                          -4-

It is clear from the record that the Movants performed the same quasi-judicial functions of processing and deciding parole applications as performed by the Rhode Island Parole Board members in <u>Johnson</u>. Furthermore, Plaintiff makes no argument that the alleged delay in holding his initial hearing was attributable to an action outside the scope of Movants' duties. (<u>See</u> Docket No. 50.) We find that Movants' quasi-judicial role confers absolute immunity upon them for their actions in this case. Having decided that Movants are immune from suit, we need not reach the merits of Plaintiff's claims of violations of his constitutional rights.

## IV.

## Conclusion

For the foregoing reasons, we hereby **GRANT** Movants' request for summary judgment (Docket No. 40). We **DISMISS** Plaintiff's complaint (Docket No. 19) against Movants.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 18th day of April, 2011.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              Chief U.S. District Judge